IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS BOULWARE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-08-2550 |
| CORRECTIONAL MEDICAL SERVICES, *et al.* | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Pending are Defendants' Motions to Dismiss or for Summary Judgment. Papers No. 16 and 26. Also pending are Plaintiff's Motions for Leave to file an Amended Complaint and to Request Discovery. Paper No. 27 and 33. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2009).

## Background

Plaintiff alleges he was assaulted by several correctional officers, including Sergeant Ledig and Officer Etterfritz, on February 5, 2008. Paper No. 1. He claims some of the officers involved in the assault have been fired for abusive treatment towards other inmates. Plaintiff's excessive force claim is a bare bones allegation without description or detail and he does not dispute Defendants' affidavits denying the assault. Paper No. 26 at Ex. 9 and 10.

Plaintiff also claims his light was left on all night, he was verbally harassed via the intercom speakers, and he received "bogus" institutional infractions. *Id*. at p. 3. He further claims that from May 24, 2008 to June 9, 2008, and from August 5, 2008 through August 13, 2008, he was denied all meals. He claims when he complained, Officer D.A. Baer responded, "we can do whatever we want to you and nobody would care." *Id*. at p. 4. He further claims he

submitted "innumerable sick call slips" but was repeatedly denied proper medical treatment. *Id*. Again, Plaintiff does not provide details regarding the condition requiring treatment or the nature of the treatment withheld; however, he claims he was severely malnourished because his meals were withheld. *Id*. Plaintiff states that he is medically prescribed a high calorie diet and the failure to provide him with same has caused his medical condition to deteriorate. *Id*. at p. 5.

Plaintiff filed a Motion for Leave to File an Amended Complaint after Correctional Medical Services filed a Motion to Dismiss or for Summary Judgment. Paper No. 27. Plaintiff seeks to add as Defendants the State of Maryland, Lieutenant Yacenech, dietary officers John Doe and Jane Doe, Sergeant Cross, Dr. Isaias Tessema, Dr. Colin Ottey, Nurse Practitioner Anna Hammond, Nurse Angela Africa, Nurse Shannon Dudley, Lieutenant Gregory Werner, Psychologist Sherry Haferkamp and Dr. Muletta. *Id*. He claims medical staff knew that he was experiencing nausea, vomiting, abdominal pain, loss of appetite, weight loss, headaches, and rash as side effects of his HIV medications. *Id*. at p. 2. He further claims he became intolerant of his HIV medication and requested to be seen by specialists at Johns Hopkins, but his requests were denied. *Id*. He also states that Nurses Africa and Dudley, as well as Sgt Cross, improperly disclosed his HIV positive status to inmates in retaliation for filing the instant case. *Id*. at p. 3 and 5. As to Lt. Werner and Ms. Haferkamp, Plaintiff seeks to add a claim that he was wrongfully placed in an isolation cell for thirty days during February and March of 2008, without first being provided medical care for his "busted head." *Id*. at p. 4. He states: his conduct did not warrant placement on a diet of segregation loaf; he was never given the high calorie diet he was prescribed while he was isolated; and his medical condition deteriorated as a result. *Id*. Finally, Plaintiff seeks to amend to include a claim against unknown dietary officers for failing

2

to provide him with a high calorie diet as required by medical orders. *Id*. at p. 6.

Defendants have addressed Plaintiff's claims regarding segregation loaf ("food loaf"), stating he was placed on food loaf on four occasions. Paper No. 26 at Ex. 3. Generally, inmates are placed on a food loaf diet when inmates use food, containers, or utensils in a disruptive manner which poses a threat to other inmates or staff. *Id*. at Ex. 4. An example of such misconduct is use of containers to throw bodily fluids on others. *Id*. The decision to place an inmate on food loaf must be approved by a psychologist. *Id*. Defendants state that the procedures required for placement on food loaf were followed each time in Plaintiff's case. *Id*.

Defendants further indicate that segregation loaf provides 4089 calories a day, more calories than is provided via the high calorie medical diet. *Id*. at Ex. 2. The four occasions Plaintiff was placed on food loaf involved the following misconduct: threatening to assault staff with fecal matter; pulling an officer violently against his cell door with his handcuffs; throwing his tray out of the feed-up slot, refusing to allow the slot to be secured; pushing feces under his cell door, and attempting to spit on staff through the cell door. *Id*. at Ex. 5. Plaintiff refused his meals on six occasions, but was never denied a meal by correctional staff. *Id*. at Ex. 6, p. 2. On October 21, 2008, Plaintiff was seen by a psychologist and complained about his placement on food loaf. *Id*. at Ex. 8. The psychologist offered to have Plaintiff removed from the diet and placed on bag meals, but Plaintiff said he wanted to stay on food loaf because it would help his case against prison officials. *Id*.

## Non-Dispositive Motions

Pending are Plaintiff's Motion to File an Amended Complaint and Motion to Request Scheduling Order. Papers 27 and 33. A motion to amend the complaint filed after a responsive

pleading is filed is governed by Fed. R. Civ. Proc. 15(a)(2) which states a pleading may be amended "only with the opposing party's written consent or the court's leave." Leave to amend pleadings should be freely given. Plaintiff's proposed amendments add Defendants who were personally involved in the conduct alleged in the complaint. In addition, his amended complaint adds some details regarding his allegations. The court is obliged to construe the complaint liberally and, thus, the court's analysis will include consideration of the claims had they been raised against the proper parties.

Plaintiff's Motion to Request Discovery shall be denied because there has been no Scheduling Order issued in this case, nor an agreement by the parties to commence discovery. *See* Local Rule 104.4 (D. Md. 2009).

### Standard of Review

Summary judgment is governed by Fed. R. Civ. P. 56(c), which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

4

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Exhaustion of Administrative Remedies**

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
>  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction

is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).

Correctional Defendants alleged that Plaintiff has never filed any grievance regarding the claims raised in this case. Paper No. 26 at Ex. 11—13. Plaintiff fails to refute the allegation. "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Nussle*, 534 U.S. at 524. Accordingly, the complaint concerning conditions of confinement and other related allegations is subject to dismissal for failure to exhaust administrative remedies.

### Medical Claim

Left for the court's scrutiny are Plaintiff's claims against the Medical Defendants.[1] He asserts that he was not provided proper medical care and meals, resulting in malnourishment and a deterioration of his medical condition. Paper No. 1. In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified

---

[1] Correctional Medical Systems did not raise, as an affirmative defense, Plaintiff's failure to exhaust administrative remedies.

access to health care).    Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).   "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*,  240 F. 3d 383, 390 (4th Cir. 2000), *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983).  Thus, the claim against Correctional Medical Services must fail.  The court's inquiry does not end there.[2]   If the allegations had been properly[3] raised against medical staff directly involved in the decisions regarding Plaintiff's diet and

---

[2]  Under the law of this Circuit, the Court must liberally construed the complaint to address the underlying Eighth Amendment issue presented therein. *See Haines v. Kerner*, 404 U.S. 519 (1972).

medical care, it is clear that the claims fail to state a claim of constitutional deprivation.

Defendants assert, and Plaintiff fails to refute, that he has been provided HIV medication and has been treated for side effects resulting from the medication. Paper No. 16 at Ex. A and B. On February 6, 2008, Plaintiff was prescribed a high calorie diet. *Id*. at Ex. B, p. 3. In addition he was provided with nutritional supplements and multi-vitamins. *Id*. at pp. 4—6. As noted *supra*, food loaf is not contraindicated for Plaintiff's high calorie diet as it provides more calories than the prescribed high calorie diet. Moreover, Defendants state that Plaintiff's loss of appetite was due to side-effects caused by his HIV medications which were addressed through additional medications. While Plaintiff was on the food loaf diet his weight was monitored and no significant weight loss was noted. *Id*. at Ex. B, pp. 8 – 9; and 15. Plaintiff's weight loss was, however, addressed via additional dietary supplements. *Id*. at Ex. A. Defendants also assert that Plaintiff was non-compliant with all medications prescribed, including anti-psychotic medications, necessitating his transfer to the Correctional Mental Health Center at Jessup on December 8, 2008. *Id*. Plaintiff has failed to dispute any of the allegations raised by Defendants and he does not refute the record evidence submitted.

Accordingly, Defendants are entitled to summary judgment in their favor. A separate Order follows.

/s/

1/6/10
Date

William M. Nickerson
United States District Judge

---

[3] Plaintiff's amended Complaint was filed after the responsive pleading was filed by the medical Defendants. Paper No. 27.